RIDGEWAY *v.* STATE

No. 40788          January 27, 1958          100 So. 2d 99

*George W. Currie, George C. Currie,* Hattiesburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

The appellant, Rev. W. D. Ridgeway, was charged in a citation by the District Attorney of a constructive criminal contempt of the Circuit Court of Forrest County, and was found guilty and sentenced to pay a fine of $10 and serve one day in the county jail. He was subpeonaed as a witness for the defense to appear in the circuit court on September 4, 1957, in the case of State of Mississippi v. David Royce Shoemake. The proof on the

hearing of the citation for contempt disclosed that when he received his subpoena he examined the same only to the extent of ascertaining the date and hour at which he was to appear at court. He appeared at court pursuant to the subpoena on September 4, 1957.

While in the defense witness' room with other witnesses, some other witnesses whose names he called, and which fact is undisputed, came to the witness room and announced that "the case is off", (meaning the case of the State v. Shoemake.) Thereupon, the Rev. Ridgeway, a Baptist preacher in Hattiesburg, Mississippi, left the courthouse and went home. During that day the announcement was made by the circuit judge in the courtroom that the witnesses in the case of State v. Shoemake were to appear again on the next morning at 9 o'clock. The sheriff testified that he did not see Rev. Ridgeway in the courtroom at the time of this announcement, and the Rev. Ridgeway testified to the same effect. On the next morning, September 5, 1957, the case of the State v. Shoemake was called, the State announced ready for trial, and the defendant's counsel, upon learning that the Rev. Ridgeway was not present on the said September 5, 1957, caused an attachment to be issued for him and he was brought into the courtroom within about forty-five minutes thereafter. He resided in Hattiesburg and was at his home in his study at the time the attachment was served. He thereupon came to the courthouse, and in response to an inquiry made of him by the circuit judge, he stated "Well, sir, the only thing I can say, I did not do it intentionally, I am sorry. Very sorry, because I would not have done it intentionally and knowingly for anything in the world."

The hearing on the contempt proceeding was then set for September 6, 1957, and at that hearing the appellant repeated in substance the same statement that he had made to the judge on the day before. It was undisputed that two of the witnesses had stated in the presence of

the appellant on September 4th that the case in which he was subpoenaed as a witness ''was off'', and while we are of the opinion that he should have gotten permission of some official of the court, we do not think the proof in this record is sufficient to show beyond any reasonable doubt that the conduct of the witness was in willful and utter disregard of the orders of the court, or a willful disobedience of any order of the court, which, to a ''substantial degree, was calculated and intended to impede, embarrass, obstruct, defeat and corrupt the administration of the court.'' Nor do we find any evidence in the record to show that the appellant ''offered no legal or reasonable excuse or explanation for his willful disobedience of the process of the court,'' as alleged in the citation.

The appellant had never been before a court, either as a defendant or as a witness, prior to the occasion in question, and while he may not have been justified in assuming that he should not be back at court on September 5, 1957, we do not think that the proof is sufficient to show that he was guilty beyond a reasonable doubt of a constructive criminal contempt. In the case of Brannon v. State, 202 Miss. 571, 29 So. 2d 916, this Court held that the State must prove a constructive contempt beyond a reasonable doubt, and that the defendant is clothed with the presumption of innocence until such proof is made. We recognize that it is commendable on the part of a judge to insist upon the process of the court being obeyed in order to avoid any delay in the administration of justice, **(Hn 1)** but we have reached the conclusion in this case that the proof is insufficient to show beyond a reasonable doubt that the conduct of this witness was willful and intended, as being in disregard of the authority, dignity, or the process of the court under the facts and circumstances hereinbefore stated, and that therefore the judgment whereby the Rev. Ridgeway was adjudged in willful contempt of the court, sentenced to pay a fine

of $10, and serve a day of imprisonment in the county jail, should be reversed and that he should be discharged.

Reversed and appellant discharged.

*Hall, Kyle, Holmes* and *Ethridge, JJ.,* concur.